**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**JOE L. JOHNSON**                                                                                 **PLAINTIFF**

**V.**                                          **CASE NO. 1:07CV168**

**CITY OF COLUMBUS, MISSISSIPPI
JOSEPH ST. JOHN**                                           **DEFENDANTS**

## ORDER

This cause comes before the court on the motion in limine [70] of the defendant, City of Columbus, Mississippi, seeking to exclude evidence of claims resolved by the July 2, 2007 jury verdict finding Columbus had not discriminated against the plaintiff, Joe L. Johnson.

Johnson, a black male, began working as a Columbus police officer in 1974. In 1997, Johnson was promoted to assistant chief of police. In 1999, Johnson was considered for the position of police chief. He was rejected by the Columbus City Council in favor of a white male. In 2003, the city council once again hired a new chief. Johnson was considered. He was once again rejected in favor of a white male, J.D. Sanders.

Following this rejection Johnson filed an Equal Employment Opportunity Commission ("EEOC") complaint and later a suit in this court asserting a claim of racial discrimination. While that case was ongoing, the police chief resigned. In October 2006, Johnson was appointed by the council to act as interim police chief.

The council began conducting a search for their next police chief at this time. In conducting the search, they appointed a committee to offer recommendations of whom to hire. The committee was made up of law enforcement personnel from other cities and community

leaders. The leaders ranked each of the twenty seven applicants. Johnson was the highest ranked applicant. The city narrowed the list of candidates down to six applicants. Johnson was included in the six finalists. One of those candidates was eliminated from consideration following a background check. Another candidate withdrew his name from consideration.

On June 18, 2007, a jury returned a verdict finding Columbus had not discriminated against Johnson in passing him over for the chief position filled in 2003. On July 2, 2007, the city council voted to hire a new police chief. The council first nominated Johnson for the position. The two black councilmen voted for Johnson. The four white councilmen voted against Johnson. The council next nominated the other black finalist. Once again the council's vote was split four to two with the white members voting against the black candidate. Finally, the council voted on a white candidate, Joseph St. John. St. John was offered the position following another four to two vote split along racial lines. Aggrieved by the council's decision, Johnson brought the instant action alleging discrimination based on race and retaliation for his suit related to the 2007 hiring process. This court dismissed Johnson's retaliation claim, but allowed him to proceed under a theory of racial discrimination.

Columbus wants to exclude its acts prior to the city's 2003 hiring decision under the theory of issue preclusion or alternatively under Federal Rule of Evidence 403.

Issue preclusion requires: (1) the issue in dispute be identical to the issue previously resolved; (2) actual litigation of the prior issue; and, (3) the determination of the prior issue was a necessary part of the earlier judgment. *Pace v. Bogalusa City Sch. Bd.*, 403 F.3d 272, 290 (5th Cir. 2005).

The information sought to be excluded clearly fits within this framework. This court has already found Johnson was not discriminated against in the 2003 hiring decision. However, that

is not dispositive of the issue before the court. Johnson can not relitigate whether he was discriminated against in 2003. He does, however, have a right to put on all evidence which would show the 2007 hiring decision was discriminatory. Hiring decisions do not exist in a vacuum. Johnson's prior history with the city and the city's prior hiring practices are relevant to show the city acted with a discriminatory motive.

A jury could not determine the city's past practice in regards to Johnson was discriminatory. It could use that information in determining the city's 2007 act was discriminatory. In fact, this is analagous to information allowed into evidence in Johnson's previous trial. As Columbus points out in its motion, this court previously instructed Johnson's jury that:

> Plaintiff Joe Johnson claims that the City of Columbus racially discriminated against him because he is African-American when he was not chosen to be the Columbus Police Chief in a November 4, 2003 vote by the Columbus City Council and Mayor. Although there has been testimony about the selection of a police chief in 1997 and 1999, the City may not be held liable for these instances. Though you may otherwise give this evidence such weight as you deem worthy.

That instruction makes clear that evidence of prior hiring decisions was relevant to the issue at hand even though those prior hiring decisions were not at issue in the case. The jury previously empaneled was entitled to use evidence related to those 1997 and 1999 decisions, but could not find Columbus discriminated against Johnson in 1997 or 1999. Likewise the jury here is entitled to hear all relevant evidence even though it can not find the city discriminated against Johnson in 2003.

Allowing this evidence may cause some unfair prejudice to the city. Federal Rule of Evidence 403 prohibits evidence when the unfair prejudicial effect of that evidence substantially outweighs its probative value. As Columbus argues, it may be that some evidence of prior hiring

decisions is banned by this Rule. However, the motion before the court does not raise specific evidentiary issues but is instead geared toward the entirety of any events prior to the 2003 hiring decision. As such the court can not properly weigh the value and prejudice of each piece of evidence sought to be excluded. The court will entertain specific objections at trial.

Based on the information currently before the court, the defendant's motion to exclude evidence of acts prior to 2003 is DENIED.

This the 2nd day of December, 2008.

                                          **/s/ MICHAEL P. MILLS**
                                          **CHIEF JUDGE**
                                          **UNITED STATES DISTRICT COURT**
                                          **NORTHERN DISTRICT OF MISSISSIPPI**