# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### EASTERN DIVISION

JOE L. JOHNSON                                                            **PLAINTIFF**

**V.**                                                          **CASE NO. 1:07CV168**

**CITY OF COLUMBUS, MISSISSIPPI**
**JOSEPH ST. JOHN**                                                     **DEFENDANTS**

## <u>ORDER</u>

This cause comes before the court on the motion in limine [72] of the plaintiff, Joe L.

Johnson, seeking to exclude evidence of Joseph St. John's job performance, Johnson's

involvement in a shooting, and evidence of the June 2007 jury verdict.

Johnson, a black male, began working as a Columbus police officer in 1974. In 1997,

Johnson was promoted to assistant chief of police. In 1999, Johnson was considered for the

position of police chief. He was rejected by the Columbus City Council in favor of a white male.

In 2003, the city council once again hired a new chief. Johnson was considered. He was once

again rejected in favor of a white male, J.D. Sanders.

Following this rejection Johnson filed an Equal Employment Opportunity Commission

("EEOC") complaint and later a suit in this court asserting a claim of racial discrimination.

While that case was ongoing, the police chief resigned. In October 2006, Johnson was appointed

by the council to act as interim police chief.

The council began conducting a search for their next police chief at this time. In

conducting the search, they appointed a committee to offer recommendations of whom to hire.

The committee was made up of law enforcement personnel from other cities and community

leaders. The leaders ranked each of the twenty seven applicants. Johnson was the highest ranked applicant. The city narrowed the list of candidates down to six applicants. Johnson was included in the six finalists. One of those candidates was eliminated from consideration following a background check. Another candidate withdrew his name from consideration.

On June 18, 2007, a jury returned a verdict finding Columbus had not discriminated against Johnson in passing him over for the chief position filled in 2003. On July 2, 2007, the city council voted to hire a new police chief. The council first nominated Johnson for the position. The two black councilmen voted for Johnson. The four white councilmen voted against Johnson. The council next nominated the other black finalist. Once again the council's vote was split four to two with the white members voting against the black candidate. Finally, the council voted on a white candidate, Joseph St. John. St. John was offered the position following another four to two vote split along racial lines. Aggrieved by the council's decision, Johnson brought the instant action alleging discrimination based on race and retaliation for his suit related to the 2007 hiring process. This court dismissed Johnson's retaliation claim, but allowed him to proceed under a theory of racial discrimination.

Johnson first seeks to exclude evidence of St. John's job performance as irrelevant under Federal Rule of Evidence 401. Columbus concedes that St. John's performance after the hiring decision is irrelevant. The court will exclude this evidence. In order to avoid any confusion about this ruling, the court wants to make clear it agrees with Columbus that information about St. John's performance prior to the hiring decision is relevant and admissible.

Secondly, Johnson seeks to exclude evidence that he was involved in a January 31, 2008 shooting as irrelevant under Federal Rule of Evidence 401 and as substantially more unfairly prejudicial than probative under Rule 403. The court agrees this evidence is irrelevant to the

hiring decision made in 2007.

However, the evidence is relevant to damages.  Johnson makes a claim for "mental anxiety and stress."  In his deposition, Johnson stated the shooting in question was "the most traumatic event that ever happened" to him.  This evidence is relevant to the emotional distress suffered by Johnson.  It goes directly to show that not all of Johnson's anxiety and stress were the result of the hiring decision.  This gives the evidence a high level of probative value.

There is no doubt this evidence also raises concerns about unfair prejudice.  A jury might deny Johnson's claim because they feel he was involved in an unnecessary shooting.  Further, a jury might decide that Johnson was unqualified for the position because of his actions in this incident even though it occurred after the hiring decision had been made.

The court will allow this evidence, but only in a limited fashion.  Columbus may question Johnson about his involvement in the shooting, the results of that shooting, and the mental distress caused by the shooting.  Columbus, however, may not elicit testimony about the reasonableness of or justification for the shooting.  This ruling allows the jury to understand Johnson's mental distress, but alleviates at least some of the unfair prejudice.  Additionally, the court will give a limiting instruction to the jury so that they will not consider the shooting in determining if the city discriminated against Johnson in its hiring decision.

Finally, Johnson seeks to exclude evidence that a jury found Columbus did not discriminate against Johnson in its 2003 hiring decision.  Johnson asserts this information is irrelevant and substantially more unfairly prejudicial than probative.  However, Johnson has previously argued in this court that the city's actions related to the 2003 hiring decision were relevant to the case at hand.  The court agreed with Johnson and has allowed that evidence to be submitted to the jury.  That ruling makes the 2007 verdict relevant.  It goes directly to showing

that as a matter of law the city's actions prior to the 2003 hiring decision were not discriminatory. There is an element of unfair prejudice associated with allowing evidence of the prior verdict. This evidence might allow a jury to decide Johnson had not been discriminated against based solely on the prior verdict. Weighing the need for the jury to understand it must not base its finding on any perceived discrimination in the 2003 hiring decision against this unfair prejudice, the court would be inclined to allow evidence of the verdict.

However, there is a better way to ensure the 2003 hiring decision is not relitigated. The court can simply instruct the jury not to consider the merits of the 2003 decision in coming to their verdict in this case. As such the court will disallow evidence of the verdict under Rule 403 for the purpose of arguing the 2003 hiring decision was not discriminatory. Instead the court will instruct the jury they can not find that hiring decision discriminatory.

The court will reserve ruling on whether the evidence might ever be admissible. In a footnote, Columbus argues evidence of the prior verdict might be admissible as impeachment evidence or relevant to the issue of damages. Neither party briefs these issues and without the benefit of the actual trial testimony it is unclear if the evidence will become admissible for these purposes. The parties will be free to bring those issues up at trial if the evidence presented so dictates.

Johnson's motion in limine is GRANTED IN PART and DENIED IN PART.

This the 8th day of December 2008.

**/s/ MICHAEL P. MILLS**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**